IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GEORGE EDWARD PURDY,               §
TDCJ No. 2187077,                  §
                                   §
          Petitioner,              §
                                   §
                                   §
V.                                 §          No. 3:20-cv-737-K-BN
                                   §
DIRECTOR, TDCJ-CID,                §
                                   §
          Respondent.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner George Edward Purdy, a Texas prisoner, now challenges two Dallas County convictions for sexual assault of a child through a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. Nos. 3, 4.

United States District Judge Ed Kinkeade referred the habeas petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The State responded, arguing that most of Purdy's claims are time barred, while the rest are meritless. *See* Dkt. No. 16. Purdy failed to reply, and the deadline by which to do so has expired.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny federal habeas relief.

**Applicable Background**

As to each sexual assault conviction, Purdy pled guilty pursuant to a plea agreement on May 6, 2016 and was placed on deferred adjudication community supervision for 5 years. *See State v. Purdy*, Nos. F07-33144-S, F07-33145-S (282d Jud.

Dist. Ct., Dallas Cnty., Tex. May 6, 2016); Dkt. No. 16-1 at 1-19, 28-44. Purdy appealed neither deferred adjudication order. *See* Dkt. No. 3 at 3.

The State subsequently moved to revoke his probation and adjudicate his guilt because Purdy violated the terms of his supervision by accessing the internet and by failing to install monitoring software on all applicable devices. *See* Dkt. No. 16-1 at 20-21, 45-46. The trial court found the State's allegations true, granted its motions, and adjudicated Purdy guilty, sentencing him to concurrent terms of 10 years of imprisonment. *See State v. Purdy*, Nos. F07-33144-S, F07-33145-S (282d Jud. Dist. Ct., Dallas Cnty., Tex. Sept. 25, 2017); Dkt. No. 16-1 at 22-26, 47-51.

Purdy appealed these judgments, which the Dallas Court of Appeals affirmed as modified. *See Purdy v. State*, Nos. 05-17-01141-CR, 05-17-01142-CR, 2018 WL 5306895 (Tex. App. – Dallas Oct. 26, 2018, no pet.).

Purdy did not petition the Texas Court of Criminal Appeals (CCA) for discretionary review. *See* Dkt. No. 16-1 at 100. But he did file applications for a state writ of habeas corpus no sooner than June 21, 2019, applications the CCA denied without written order on January 15, 2020. *See Ex parte Purdy*, WR-90,494-01, -02 (Tex. Crim. App. Jan. 15, 2020) (per curiam); Dkt. No. 16-1 at 102-84.

Purdy then filed this Section 2254 petition on March 20, 2020, the date on which he certifies that he placed it in the prison mailing system,[1] *see* Dkt. No. 3 at

---

[1] *See* RULE 3(d), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."); *Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018) ("We reaffirm

14.

## Legal Standards and Analysis

"Federal habeas features an intricate procedural blend of statutory and caselaw authority." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). In the district court, this process begins – and often ends – with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), under which "state prisoners face strict procedural requirements and a high standard of review." *Adekeye*, 938 F.3d at 682 (citation omitted). This is because, "[u]nder AEDPA, state courts play the leading role in assessing challenges to state sentences based on federal law." *Shinn v. Kayer*, 141 S. Ct. 517, 526 (2020) (per curiam).

Purdy raises twelve claims for federal habeas review, ten concerning the proceedings leading to his placement on deferred adjudication community supervision and two concerning his subsequent revocation and adjudication of guilty. *See* Dkt. Nos. 3, 4.

I.    Claims Concerning Deferred Adjudication Community Supervision

Purdy's claims concerning the proceedings leading to his placement on deferred adjudication community supervision are barred by AEDPA's one-year statute of limitation, which Purdy fails to overcome through equitable tolling or a credible assertion of actual innocence.

A state criminal judgment becomes final under AEDPA "when there is no more

---

that the operative date of the prison mailbox rule remains the date the pleading is delivered to prison authorities.").

'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at \*1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Finality under AEDPA is complicated here by the fact that adjudication of Purdy's guilt was initially deferred, and he was instead placed on community supervision. Then, some 16 months later, he was adjudicated guilty and sentenced.

> Under Texas law, "a judge may defer the adjudication of guilt of particular defendants and place them on 'community supervision' if they plead guilty or *nolo contendere*." *Tharpe v. Thaler*, 628 F.3d 719, 722 (5th Cir. 2010) (citing TEX. CODE CRIM. P. art. 42.12, § 5(a)). If the defendant violates a condition of his community supervision, the court holds a hearing to determine whether it should impose a judgment of guilt. *Id.* If the court convicts the defendant, it also sentences him. *Id.* Two distinct limitations periods then apply for the filing of habeas petitions. One limitations period applies to claims relating to the deferred adjudication order, and another limitations period applies to claims relating to the adjudication of guilt. *Id.* at 724; *see also Caldwell v. Dretke*, 429 F.3d 521, 526-30 (5th Cir. 2005).

*Frey v. Stephens*, 616 F. App'x 704, 707 (5th Cir. 2015); *see also Caldwell*, 429 F.3d at 530 ("Because an order of deferred adjudication community supervision is a final judgment within the plain meaning of AEDPA section 2244, the one-year statute of limitations, for challenging substantive issues of [an order] of deferred adjudication, [begins] to run when the order deferring adjudication [becomes] final."); *Tharpe*, 628 F.3d at 724 (holding that "a habeas claim that challenges a *deferred-adjudication order* and another habeas claim that challenges *a conviction and sentence* involve two different 'judgments' for AEDPA purposes" and "in dealing with two entirely separate and distinct judgments – one a deferred-adjudication order and the other a judgment of conviction and sentence – [federal courts] are dealing with two separate and

- 4 -

distinct limitation periods under the AEDPA" (distinguishing *Burton v. Stewart*, 549

U.S. 147 (2007))).

AEDPA establishes a one-year statute of limitations for federal habeas

proceedings brought under Section 2254, which runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented from filing by such
> State action;
>
> (C)    the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases on
> collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or

other collateral review is pending is excluded from the limitations period. *See id.* §

2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a

discretionary doctrine that turns on the facts and circumstances of a particular case,"

*Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and

exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir.

2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is

entitled to equitable tolling of a statute of limitations only if the litigant establishes

two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.[2]

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual

---

[2] *See, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citation omitted)).

innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[3]

Because Purdy did not appeal the orders placing him on deferred adjudication community supervision, those orders became final for federal-limitations purposes on the thirtieth day after they were entered that was not a Saturday, Sunday, or legal holiday – which was on Monday, June 6, 2016. *See* TEX. R. APP. P. 26.2(a)(1); TEX. R. APP. P. 4.1(a). And, "[b]ecause [Purdy's] state habeas petition[s were] not filed within

---

[3] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

the one-year period" that commenced on that date, those petitions "did not statutorily

toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013)

(citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (in turn citing 28 U.S.C. §

2244(d)(2))).

Accordingly, the claims in the Section 2254 habeas application concerning the

proceedings that resulted in Purdy's placement on deferred adjudication community

supervision were made more than two years and nine months too late and should be

denied as untimely under Section 2244(d)(1)(A) absent statutory or equitable tolling

of the limitations period. But Purdy fails to make these showings.

The Court should therefore deny the Section 2254 claims concerning Purdy's

deferred adjudication community supervision as time barred.

II.    Claims Concerning Revocation and Adjudication of Guilty

Where a state court has already rejected a claim (here, not subject to dismissal

under AEDPA's statute of limitations) on its merits, a federal court may grant habeas

relief on that claim only if the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).

AEDPA therefore also "restricts the power of federal courts to grant writs of

habeas corpus based on claims that were 'adjudicated on the merits' by a state court,"

*Shinn*, 141 S. Ct. at 520 (citation omitted). And, "[w]hen a state court has applied

clearly established federal law to reasonably determined facts in the process of adjudicating a claim on the merits, a federal habeas court may not disturb the state court's decision unless its error lies 'beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

Further, "[u]nder § 2254(d)," the reasonableness of the state court decision – not whether it is correct – "is '"the only question that matters."'" *Id.* at 526 (quoting *Richter*, 562 U.S. at 102); *accord Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold."); *Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) ("[T]his is habeas, not a direct appeal, so our focus is narrowed. We ask not whether the state court denial of relief was incorrect, but whether it was unreasonable – whether its decision was 'so lacking in justification' as to remove 'any possibility for fairminded disagreement.'" (citation omitted)); *Hughes v. Vannoy*, 7 F.4th 380, 387 (5th Cir. 2021) ("'A merely incorrect state court decision is not sufficient to constitute an unreasonable application of federal law ....' Instead, the state court decision must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" (footnotes omitted)).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA

on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by AEDPA" under "28 U.S.C. § 2254(d)"). And nothing "in AEDPA or [the Supreme] Court's precedents permit[s] reduced deference to merits decisions of lower state courts." *Shinn*, 141 S. Ct. at 524 n.2 (citing 28 U.S.C. § 2254).

Starting with Section 2254(d)(1), a state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the [AEDPA] prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

"A state court unreasonably applies clearly established Supreme Court precedent when it improperly identifies the governing legal principle, unreasonably extends (or refuses to extend) a legal principle to a new context, or when it gets the principle right but 'applies it unreasonably to the facts of a particular prisoner's case.'" *Will v. Lumpkin*, 978 F.3d 933, 940 (5th Cir. 2020) (quoting *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000); citation omitted). "But the Supreme Court has only clearly established precedent if it has 'broken sufficient legal ground to establish an asked-for constitutional principle.'" *Id.* (quoting *Taylor*, 569 U.S. at 380-82; citations omitted).

As noted above, "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see also Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation

of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher

threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).

This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (Section 2254(e)(1) "'deference extends not only to express findings of fact, but to the implicit findings of the state court.' As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." (footnotes omitted)).

And, even if the state court errs in its factual findings, mere error is not enough – the state court's decision must be "*based* on an unreasonable factual determination.… In other words, even if the [state court] had gotten [the disputed] factual determination right, its conclusion wouldn't have changed." *Will*, 978 F.3d at 942.

Further, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion

from the state court explaining the state court's reasoning." *Richter*, 562 U.S. at 98; *see Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)); *see also Hughes*, 7 F.4th at 387 (observing that a federal habeas court also "must 'carefully consider all the reasons and evidence supporting the state court's decision'" and that a decision that "does not explain its reasoning does not affect [federal habeas] review," as federal courts "are required to 'determine what arguments or theories could have supported the state court's determination' and examine '*each* ground supporting the state court decision'" (footnotes omitted)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). And, while "AEDPA sets a high bar," it is "not an insurmountable one." *Hughes*, 7 F.4th at 392. To surmount it, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. That is, in sum, a petitioner must "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an

- 14 -

unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217; *see also Hughes*, 7 F.4th at 392 (Federal courts "are obligated to correct" those "rare 'extreme malfunctions in the state criminal justice system.'" (quoting *Dunn v. Reeves*, 141 S. Ct. 2405, 2411 (2021) (per curiam))).

Purdy's two remaining claims, concerning the adjudication of his guilty, which the State does not move to dismiss as time barred, are (1) that the State violated his right to due process when it moved to adjudicate guilt absent impetus from Purdy's community supervision officer and without sufficient evidence that Purdy violated the terms of his supervision and (2) that he was compelled to plead true to the probation violation allegations.

And Purdy has not shown that the CCA's adjudication (denial) of either claim was unreasonable.

> To warrant community supervision revocation, the State need only establish by a preponderance of the evidence that a defendant violated the terms of his community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993) (citing *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984)). And, under Texas law, community supervision may be revoked for a violation of even a single condition of the community supervision agreement. *See Wade v. State*, 83 S.W.3d 835, 839 (Tex. App. – Texarkana 2002, no pet.) (citations omitted). "All that is required for the revocation of probation is enough evidence to satisfy the district judge that the conduct of the petitioner has not met the conditions of probation." *United States v. Turner*, 741 F.2d 696, 698 (5th Cir. 1984) (quoting *United States v. Dozier*, 707 F.2d 862, 865 (5th Cir. 1983)). And, "[w]here there is an adequate basis for the district court's discretionary action of revoking probation, the reviewing court need not decide a claim of error as to the other grounds that had been advanced as a cause of revocation." *United States v. McCormick*, 54 F.3d 214, 219 n.3 (5th Cir. 1995) (citing *United States v. Irvin*, 820 F.2d 110, 111 (5th Cir. 1987)).

*Anthony v. Dir., TDJC-CID*, No. 3:19-cv-2725-S-BN, 2021 WL 2517694, at \*5 (N.D. Tex. Feb. 8, 2021), *rec. accepted*, 2021 WL 2516682 (N.D. Tex. June 18, 2021).[4]

In sum, "the revocation of community supervision passes constitutional muster under the Fourteenth Amendment Due Process Clause if it is not 'totally devoid' of evidentiary support." *Id.* (quoting *Douglas v. Buder*, 412 U.S. 430, 432 (1973) (per curiam)).

Such is the case here. At the hearing on the motion to adjudicate, Purdy's community supervision officers testified that he performed at least one internet search not related to work and that, while he installed the required monitoring software on his phone, he failed to install this software on either his laptop or his desktop computer, all in violation of the terms of his community supervision. *See* Dkt. No. 16-1 at 53-98. Further, Purdy's claim that he was forced to plead true is belied by the record, which reflects that his counsel entered a plea of not true and that the trial judge then found the allegations true based on the testimony before the court. *See id.*

In sum, as to Purdy's Section 2254 claims that are not time barred, because he

---

[4] *Cf. Suggs v. Fla. Parole Comm'n*, No. 14-60310-CIV, 2015 WL 164991, at \*9 (S.D. Fla. Jan. 13, 2015) ("Only support of a violation of a single condition of the terms of release is needed for revocation to be upheld. *See United States v. McCormick*, 54 F.3d 214, 219 n. 3 (5th Cir.), *cert. denied*, 516 U.S. 902 (1995) (when reviewing decision to revoke supervised release based on several alleged violations, record need only support a violation of a single condition of release in order to be upheld by appellate court); *Frick v. Quinlan*, 631 F.2d 37, 39 (5th Cir. 1980) (same). *See also Jones v. State*, 678 So.2d 890, 893 (Fla. 4 DCA 1996) (holding that evidence supporting one substantive violation supplied a sufficient factual basis for revocation of probation). Thus, there was sufficient competent evidence to revoke petitioner's conditional release. *See Brecht v. Abrahamson*, 507 U.S. 619 (1993), quoting, *Kotteakos v. United States*, 328 U.S. 750, 776 (1946). Revocation was warranted." (footnote omitted)).

has not shown that their adjudication was unreasonable, the Court should deny these claims on their merits.

## Recommendation

The Court should deny the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 24, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE